UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF PENNSYLVANIA

RAHEEM LOUIS-EL, A Moorish American,

    Plaintiff,

v.

DAVID EBBERT, R. TROUTMAN, BRENT THARP, SCOT BUEBENDORF, A. COTTERALL, B. CHAMBERS,

    Defendants.

Civil Action No. 3:18-cv-2207

COMPLAINT

Judge Mariani/DB

## I. JURISDICTION & VENUE

1) This is a civil action authorized by 42 U.S.C. §1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. §1331 and 1343(a)(3). Plaintiff Louis-EL claim for injunctive relief are authorized by 18 U.S.C. §3626 and Rule 65 of the Federal Rules of Civil Procedure.

2) The Middle District of Pennsylvania is an appropriate venue under 42 U.S.C. §1997(e)(a) because it is where the events giving rise to this claim occurred.

## II. PLAINTIFF

PG (1) of (10)

3) Plaintiff Raheem Louis-EL, is and was at all times mentioned herein a prisoner of the State of Pennsylvania in the custody of the Bureau of Prisons. He is currently confined in USP Lewisburg PA.

### III. DEFENDANTS

4) Defendant David Ebbert is the Warden of USP Lewisburg Penitentiary. He is legally responsible for the operation of Lewisburg Prison and for the welfare of all the inmates of that prison.

5) Defendant R. Troutman, Brent Tharp, Scot Buebendorf, A. Cotterall and B. Chambers is Correction Officers of Lewisburg Pennsylvania who, at all times mention in this complaint, held the rank of the prison guard and was assigned to Lewisburg, Pennsylvania Prison.

6) Each Defendant is sued individually and in his/her official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

### IV. FACTS

7) At all times relevant to this case, Plaintiff Raheem Louis-EL was housed on block B-2.

8) On the day of March 28, 2018 Plaintiff received a incident report for a Prohibit Code 296, stipulating Abuse of Special Mail Privilege. The fact of the matter with regard to U.S.P Lewisburg Prison Policy Program Statement 540.12(b) specifically states: The staff of each institution of the Bureau of Prisons has the authority to open all mail addressed to you before it is delivered to you. "Special Mail" (mail from President and Vice President of the U.S., attorneys, Members of the U.S. Congress, Embassies and Consulates, the U.S. Department of Justice (excluding the Bureau of Prisons but including U.S. Attorneys), other Federal law enforcement officers, State Attorneys General,

PG (2) of (10)

Prosecuting Attorneys, Governors, U.S. Courts (including U.S. Probation Officers), and State Courts) may be opened only in your presence to be checked for contraband. It is able to see that U.S.P Lewisburg Prison Policy Program Statement 5265.14, Section 2 specifically states: All incoming general correspondence and all outgoing mail (except "special mail") are subject to inspection and random reading by staff. Correction Systems staff will process all incoming Special Mail. Special Mail means correspondence sent to or received from the following: the U.S. President and Vice President of the United States, the U.S. Department of Justice (including the Bureau of Prisons), U.S. Attorney's Offices, Surgeon General, U.S. Public Health Service, Secretary of the Army, Navy, or Air Force, U.S. Courts (including U.S. Probation Officer), Members of the U.S. Congress, Embassies and Consulates, Governors, State Attorneys General, Prosecuting Attorneys, Directors of State Departments of Corrections, State Parole Commissioners, State Legislators, State Courts, State Probation Officers, other Federal and state law enforcement officers, attorneys, and representatives of the news media. For incoming correspondence to be processed under the special mail procedures, the sender must be adequately identified on the envelope, and front of the envelope must be marked "Special Mail"—Open only in the presence of the Inmate". Incoming Mail will be delivered to the inmate by his unit team. The mail will be opened in the inmate's presence, checked for contraband and only then, delivered to the inmate. It is more convincing to see that the exact Policy Program Statement 5265.14, section 2 states the identical words. See Exhibits (2) Page 1 and 2, and Exhibits (3) Page 42 and 43, in the USP Lewisburg Special Management Unit Population (smu) Institution Admission and Orientation Handbook.

9) Plaintiff Louis-EL have been writing his mother "special mail" for the past (7) seven years with absolutely no problems. Plaintiff informed the investigating officer defendant R. Troutman Pursuant to U.S.P Lewisburg Prison Policy, Program Statement 541.8(e) and 541.8(7), which Plaintiff stated in

his oral statement that his mother Annette Louis, is a Law enforcement officer. However, with regard to Plaintiff Written statement, Plaintiff specifically stated: "I have a religious objection to any Administrative hearing" "I am a Moorish American Citizen and I have an absolute right to a jury trial, and I demand a jury trial for this incident report! If a jury trial is denied, the incident report is a "Bill of Attainder" prohibited by Article 1, section 9, clause 3 of the National Constitution! The Constitution is the supreme law of the land, and anything to the contrary CANNOT STAND (Article 6)! The National Constitution is my Birthright, not even a Court of law can deprive a person of His birthright! This must be sent to the F.B.I.! Also, U.S.P Lewisburg Prison Policy Program Statement 541.5 (2) states: (2) Statement; when the investigator asks for your statement, you may give an explanation of the incident, request and witnesses be Interviewed, or request that other evidence be obtained and reviewed. Plaintiff Louis requested defendant B. Troutman to review his central file which will verify that his mother Annette Louis Is a Law Enforcement officer. Defendant B. Troutman refused to obey the USP Lewisburg Prison Policy Pursuant to Program Statement 541.5 (2).

10) Plaintiff wrote defendant A. Cotterall upon request for a copy of his central file where it states his mother is a federal law enforcement officer. Defendant A. Cotterall then made a round on block B-2, which Plaintiff Louis asked defendant Cotterall for a copy of his central file where it states his mother is a federal Law enforcement officer. Defendant A. Cotterall refused to delivered upon request a copy of the evidence from Plaintiff Central file stipulating his claim. Defendant A. Cotterall specifically stated: "As long as its in your central file the Discipline Hearing officer (DHO) will verify if your mother is a federal Law enforcement officer. Defendant A. Cotterall violates Plaintiff rights Pursuant to U.S.P Lewisburg Prison Policy Program Statement

[INMATE REQUESTS TO INSTITUTION FOR INFORMATION] 12. [INMATE ACCESS TO INMATE CENTRAL FILE § 513.40. Which states; Disclosable records in the Inmate Central File, include, but are not limited to; documents relating to the inmate's sentence, detainer, participation in Bureau programs such as the Inmate Financial Responsibility Program, classification data, parole information, mail, visits, property, conduct, work, release processing, and general correspondence. See Exhibit 4 (12.) Defendant A. Cotterall refused to delivered upon request a copy of the evidence from Plaintiff Louis-EL central file stipulating his claim.

11) Defendant Brent Tharp, a counselor at U.S.P Lewisburg for block B-2 reviewed Plaintiff Louis-EL on the day of March 30, 2018, due to the incident report Plaintiff Louis recceived. Defendant Brent Tharp asked Plaintiff Louis-EL if he know his rights and do Plaintiff have a oral or written statement? Plaintiff give a oral and written statement, Plaintiff oral statement stated: That his mother is a law enforcement officer, and Plaintiff written statement stated he has a religious objection. Defendant Brent Tharp responded "then you have nothing to worry about, (DHO) Discipline Hearing Officer will throw the incident report out." However, the (DHO) Discipline Hearing Officer did not throw the incident report out, because defendant Brent Tharp claimed that I made the (DHO) Discipline Hearing Officer B. Chambers angry, which denied me the right to an impartial fact finder guaranteed by the Six Amendment.

12) Plaintiff was then removed from his cell on the day of April 4, 2018, for a hearing meeting. Plaintiff informed Defendant B. Chambers, acting (DHO) Discipline Hearing Officer of the fact of the matter that his mother is a Law enforcement officer. Plaintiff then in a respectable manner, to review his central file for the evidence where it states his mother is a law enforcement

officer, asked defendant B. Chambers if he reviewed his central file, and if it did not, can he review his central to verify that his mother is a law enforcement officer? Defendant B. Chambers responded, because you did not stated this on your written statement, I am finding you guilty for the Prohibit Code 296! Abuse of Special Mail privilege.

13) Plaintiff three months after send "special mail" to Attorney Laticia Freed Law Firm on July 1, 2018, delivered to the range officer B. Molek. Plaintiff Louis-EL mail was never sent to Attorney Laticia Freed Law Firm. Plaintiff request on a Administrative Remedy form for a up date of Tracking # 7015 1730 0000 7823 6259 pertain "special mail", and Plaintiff received upon request a copy of USPS Tracking stating: "STATUS UNAVAILABLE". Plaintiff Louis EL then addressed the issue to the (A.W) Assistant Warden Colbert regard "special mail" and delivered the Tracking Number to the A.W Colbert to investigate. Its been (3) three months since (A.W) Colbert returned with information regard Plaintiff Louis EL "special mail". Which Plaintiff believe that defendant Scot Buebendorf, acting (SIS) Special Investigation Service distroyed Plaintiff Louis EL "special mail." Plaintiff asked the Range officer B. Molek, the staff Employee he delivered the "special mail" to, did he or did he not place his "special mail" in the mail bag? officer B. Molek specifically stated; "yes, I did. I give it to Scot Buebendorf." Surprisingly, defendant Scot Buebendorf have been known to block the preparation and filing of lawsuits, refuse to mail legal papers, take away legal research materials, and deny access to law books, all in an attempt to stop the public and the courts from learning about prisoner issues and complaints. In violation of the Code of Federal Regulations, the National Constitution and Mail Management Manual Program statement 5800.10 Section III (Authority for Disposal of mail), specifically states that, "Authority to dispose of or destroy mail addressed to a specific person rests solely

with the USPS. Bureau staff have no such authority, and shall returned undelivered mail to the local USPS. In violation of U.S.P Lewisburg Prison Policy Mail Management Manual Program Statement 5800.10, Section 306 IN/OUT PROCESSING REQUIREMENTS FOR SPECIAL AND LEGAL MAIL and 5800.10, Section 313 OUTGOING INMATE LETTER MAIL. See Attachments Exhibits (1). Defendant Scot Buebendort in violation of Plaintiff Louis-EL First Amendment personal right to the Constitution. Under the First Amendment, Plaintiff have the right to "petition the government for a redress of grievances." The Supreme Court has long held that the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury! See Elrod v. Burns 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed. 2d 547 (1976).

14) Plaintiff have been incarcerated at USP Lewisburg Pennsylvania since February 12, 2018, and it has been (8) months yet, Plaintiff Louis-EL have not received his personal property. Plaintiff addressed defendant David Ebbert and (A.W.) Assistant Warden Colbert regard his property. Both individuals refuse to take notice of the matter set forth herein. Plaintiff also addressed the Unit team staff employee Berkoski regard his personal property. Staff employee Berkoski specifically stated, "your property is on SIS hold per SE SIS." It is clearly the case that defendant Scot Buebendort is blocking the preparation and filing of lawsuits, by taking away Plaintiff Louis-EL personal property, defendant Scot Buebendort is in violation of Plaintiff's personal rights under the Constition. Defendant Scot Buebendort in violation of Plaintiff Louis-EL Fifth Amendment Right to "due process of law," to the National Constitution. Courts have found due process violations when prisoners are discipline without the chance to get witness testimony, having a hearing, or present evidence. Ayers v. Ryan, 152 F.3d 77 (2d Cir. 1998); Taylor v. Rodriguez, 238 F.3d 188 (2d Cir. 2001); and Hatch v. District of Columbia, 184 F.3d 846 (D.C. Cir. 1999).

## IV. EXHAUSTION OF LEGAL REMEDIES

15) Plaintiff Louis-EL used the prisoner grievance procedure available at USP Lewisburg Pennsylvania to try to solve the problem. On April 19, 2018 Plaintiff Louis-EL presented the facts relating to this complaint. On May 17, 2018 Plaintiff was sent a response from Defendant David Ebbert saying that the facts therein are true and correct, it corroborate that Plaintiff Louis-EL's mother Annette Louis is in-fact a Law enforcement officer, however, the defendant David Ebbert stated that he cannot removed the sanctions that Plaintiff Louis-EL received, and if he "Plaintiff Louis-EL" is not satified with the response, Plaintiff Louis-EL must file another Administrative Remedy to the Region. On May 17, 2018 Plaintiff Louis-EL appealed the UDC, Sanctions, etc, that he'd received on March 28, 2018, to the Regions. On June 23, 2018 Plaintiff received response from North Region office saying that the grievance has been denied. On June 28, 2018 Plaintiff once more appeal the sanctions to the Central office. On August 6, 2018 Plaintiff Louis-EL was sent a response saying that the grievance has been denied. On August 6, 2018 Plaintiff appealed the sanctions to the Central office. On September 6, 2018 Plaintiff Louis-EL received response from Central Office saying that the grievance has been denied. On September 6, 2018 Plaintiff appealed the Procedures, Evidence & Sanctions to the Central office. On October 1, 2018 Plaintiff Louis-EL received a response for a extension of time. See Exhibits (A), (B), (C) and (D). Plaintiff Louis-EL with respect to this honorable Court, to see on the day of August 22, 2018. Plaintiff filed Administrative Remedy regard his Personal Property. On August 26, 2018 Plaintiff received a response from Staff Employee J. Konkle saying that the grievance has been denied. On September 8, 2018 Plaintiff Louis-EL appealed the response to Lewisburg Coordinator. On September 17, 2018 Plaintiff received a response saying that the grievance has been denied. On September 19, 2018 Plaintiff appeal the response to the Regions. See Exhibits (3)(A).

## V. LEGAL CLAIMS

17) Plaintiff reallege and incorporate by reference paragraph 1-16.

18) Defendants R. Troutman, A. Cotterall, Brent Tharp, B. Chambers and Scot Buebendorf committing Administrative Crimes by using sanctions punishing Plaintiff Louis-El for special mail abuse, when Plaintiff is not violating any prison rules or acting disruptive in any way. Defendant's action violated Plaintiff Louis-El's rights under the First, Fifth, Fourteenth and Six Amendment(s) to the U.S. Constitution, and the Rights to "Due Process of Law."

19) Defendant David Ebbert by witnessing defendant's R. Troutman, A. Cotterall, Brent Tharp, B. Chambers and Scot Buebendorf illegal action, failing to correct the misconduct, and encouraging the continuation of the misconduct, Defendant David Ebbert is also violating Plaintiff Louis-El's rights under the First, Fifth, Sixth and Fourteenth Amendment(s) to the United States Constitution, and the rights to "Due Process of Law."

20) By withholding Plaintiff Louis-El personal property for exercise of his right to seek redress from the courts and to petition the government for a redress of grievances. Defendant David Ebbert is in violation of Plaintiff Louis-El Fifth Amendment to the U.S. Constitution. These illegal actions are causing Plaintiff Louis-El injury to his First, Fifth and Fourteenth Amendment(s) Rights.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully pray that this court enter judgment:

13) Granting Plaintiff Louis-El a declaration that the acts and omissions described herein violates his rights under the Constitution and laws of the United States, and

13) Granting Plaintiff Louis-El compensatory damages in the amount of $25,000 against each defendant,

15) Plaintiff seek punitive damages in the amount of 45,000 against each defendant jointly and severally.

19) A preliminary and permanent injunction ordering defendants David Ebbert, B. Troutman, Brent Tharp, A. Cotterall, B. Chambers and Scot Buebendorf to cease their retaliation and harrassment toward Plaintiff Louis-El; and

19) Plaintiff seek recovery of his costs in this suit, and

21) Any additional relief this court deems just, proper, and equitable.

Dated: October 18, 2018

RAHEEM LOUIS-EL Pro Se

REG# 08505094

U.S.P LEWISBURG

P.O. Box 1000

LEWISBURG, PA 17837

<u>VERIFICATION</u>
<u>28 U.S.C. § 1746</u>

"I verify under penalty of perjury that the forgoing is true and correct."

Executed at Lewisburg Penitentiary        by order of bl_____ El  *Without Prejudice*

October 28, 2018                                    by  Sheik Raheem Louis-EL

Name: Sheik Raheem Louis-El
Register Number: 08505094
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

RECEIVED
HARRISBURG
NOV 14 2018
Per _____ Deputy Clerk

Special Mail
11/9/2018

NOV 09 2018

7016 1370 0001 7629 3858

CERTIFIED MAIL

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
U.S. COURTHOUSE
228 WALNUT STREET
P.O. BOX 983
HARRISBURG, PA 17108
OFFICIAL BUSINESS